NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAR 26 2019

FOR THE NINTH CIRCUIT

CELEDONIO SILVA-OLAYO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

Nos.   15-70960
          15-73076

Agency No. A200-878-130

ORDER AND MEMORANDUM[*]

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted March 8, 2019
Portland, Oregon

Before:  GRABER and BERZON, Circuit Judges, and ROBRENO,[**] District
Judge.

Celedonio Silva-Olayo, a native and citizen of Mexico, petitions for review

of two orders from the Board of Immigration Appeals (BIA). In the first order, the

BIA dismissed an appeal from an immigration judge (IJ) denying Silva's

application for cancellation of removal. In the second, the BIA denied a motion to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

reopen based on Silva's alleged incompetency during the proceedings. We dismiss in part and deny in part.

1.      We dismiss Silva's first petition for review, challenging the IJ's denial of Silva's cancellation application, for lack of jurisdiction.[1] We lack jurisdiction to review an IJ's denial of cancellation of removal except where a colorable constitutional or legal question relating to the cancellation determination has been raised. 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); *see also Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We also lack jurisdiction to review "a legal claim not presented in administrative proceedings below." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Here, any such colorable constitutional or legal claims pertaining to Silva's cancellation determination were not presented to the BIA and so have not been exhausted. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). We therefore lack jurisdiction over those claims.

2.      The BIA did not abuse its discretion by denying Silva's motion to reopen as to due process claims related to his alleged incompetency. Silva has not

---

[1] As part of this petition for review, Silva also requested that we take judicial notice of certain documents purporting to establish his eligibility for voluntary departure. As Silva raised no arguments relating to voluntary departure in his briefs, we **DENY** the motion.

2

shown that the failure of his attorney or the IJ to recognize his alleged incompetency prejudiced him.

"As a general rule, an individual may obtain relief for a due process violation only if he shows that the violation caused him prejudice, meaning the violation potentially affected the outcome of the immigration proceeding." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). "To show prejudice, [a petitioner] must present plausible scenarios in which the outcome of the proceedings would have been different if a more elaborate process were provided." *Tamayo-Tamayo v. Holder*, 725 F.3d 950, 954 (9th Cir. 2013) (alteration in original) (quoting *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc)).

Here, Silva has not explained how the removal proceedings would have been different had he been found to be incompetent under *Matter of M-A-M-*, 25 I. & N. Dec. 474 (B.I.A. 2011). Silva was represented by an attorney and received supporting testimony from the mother of his children. The IJ left the record open for more than one year to allow Silva to provide additional evidence, which he did not do. Silva was therefore "afforded the very safeguards contemplated by *M-A-M-*[:] the opportunity to consult with his attorney and to examine witnesses and present evidence." *Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018). Because Silva has not shown that an incompetency determination would have led

to "a more elaborate process," he has likewise failed to establish that "the outcome of the proceedings would have been different" if he were found incompetent. *Tamayo-Tamayo*, 725 F.3d at 954 (quoting *Morales-Izquierdo*, 486 F.3d at 495).

3. The BIA also did not abuse its discretion in denying Silva's motion to reopen based on new claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). To warrant reopening based on a new claim for relief, a petitioner must "establish[] a prima facie case of eligibility for the underlying relief sought." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). Silva has not shown prima facie eligibility for asylum and withholding of removal, as "vague and conclusory allegations of fear for his life if he returns to Mexico are clearly insufficient to support a finding of a well-founded fear of future persecution." *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006). Nor has Silva established prima facie eligibility for CAT relief, as he did not provide evidence showing that "it is more likely than not he would be tortured with the consent or acquiescence of a public official" upon returning to Mexico. *Cano-Merida v. INS*, 311 F.3d 960, 966 (9th Cir. 2002).

**DISMISSED in part, DENIED in part.**